1  Emily A. Bolt (State Bar No. 253109)
2  James P. Keenley (State Bar No. 253106)
   Brian H. Kim (State Bar No.  215492)
3  BOLT KEENLEY KIM LLP
   2855 Telegraph Ave., Suite 517
4  Berkeley, California 94710
5  Phone: (510) 225-0696
   Fax: (510) 225-1095
6
7  *Attorneys for Plaintiff*

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO / OAKLAND DIVISION**

11

| | |
|---|---|
| 12  JOHN DOE, | ) Case No.: 3:23-cv-2307 |
| 13          Plaintiff, | ) |
| | ) **PLAINTIFF'S EX PARTE MOTION FOR** |
| 14  v. | ) **ADMINISTRATIVE RELIEF TO** |
| | ) **PROCEED UNDER PSEUDONYM** |
| 15 | ) |
| 16  UNITED OF OMAHA LIFE INSURANCE | ) |
|     COMPANY, | ) |
| 17 | ) |
|            Defendant. | ) |
| 18 | ) |

19

20      Pursuant to Civil Local Rule 7-11, Plaintiff hereby moves the Court for administrative relief in

21  the form of an order permitting him to proceed under a pseudonym.  Plaintiff, who suffers from

22  serious psychiatric health conditions, brings this action pursuant to section 502(a)(1)(B) of the

23  Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) to obtain long-term

24  disability insurance benefits that he alleges he is entitled to receive in light of his psychiatric

25  conditions.

26      Applying the standards set forth by the Ninth Circuit, Plaintiff's motion should be granted

27  because (1) no prejudice to Defendant or the public will result from his anonymity, and (2) proceeding

28

under his true name would expose Plaintiff to harassment, embarrassment and discrimination due to the necessary disclosure of highly confidential medical information, including his confidential psychiatric treatment notes, which include accounts of the suicide of a coworker.  Only limited family, friends, medical personnel, and insurers are aware of Plaintiff's psychiatric health status.

### A.  Legal Standard

A party may "preserve his or his anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 108 (9th Cir. 2000).  In particular, nondisclosure of a party's identity is permitted where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* (internal quotation omitted).

Because a significant stigma attaches to persons with psychiatric health problems, and in particular to substance abuse and drug addiction, it is necessary to shield Plaintiff's identity to protect him from fraud, harassment, ridicule or personal embarrassment.  Plaintiff's history of substance abuse and drug addiction in particular could, if linked to his real name in the public record, seriously impair Plaintiff's future employment opportunities if he is able to recover from his illnesses and return to the workforce.  There is no legitimate public interest in connecting Plaintiff's real identity with the highly confidential medical information that the Court must consider in adjudicating in this case.  In fact, the public interest is best served by allowing Plaintiff to litigate his claim under a pseudonym because this will permit the medical issues in the case to be discussed openly and in the public record without compromising Plaintiff's privacy interests.

### B.  Defendant Will Not Be Prejudiced

Allowing Plaintiff to proceed pseudonymously will not prejudice the Defendant, his disability insurer.  Defendant can ascertain Plaintiff's identity from the complaint, which pleads Plaintiff's claim number and group policy number for the purpose of allowing Defendant to identify him.  (ECF No. 1 at ¶ 6).  Thus, allowing Plaintiff to proceed under a fictitious name will have no effect on Defendant's ability to prepare its defense.  Further, this case is a routine insurance dispute, one of hundreds that

1  Defendant encounters annually as a major national carrier of disability insurance; there is no broader

2  public interest in the details of the case and Plaintiff, by proceeding under a pseudonym, is trying to

3  avoid public attention.  Because Defendant will know Plaintiff's identity and be able to prepare a

4  complete defense, Plaintiff's legitimate interest in shielding his identity outweighs any potential

5  prejudice to the Defendant.

6  **C.  The Public Interest Will be Best Served Without Disclosure of Plaintiff's Name**

7  This is an individual dispute about an insurance claim.  The public has no legitimate interest in

8  connecting Plaintiff's real name to the extremely private medical facts that the Court will need to

9  consider in this case.  Medical privacy is a core American value protected by numerous federal and

10  state statutes, and preserving mental health privacy in particular is an important policy goal of the

11  federal government.  For example, the Department of Health and Human Services has adopted special

12  rules regulating the disclosure of mental health and substance abuse information that are separate and

13  apart from other types of medical information.[1]

14  The public does have an interest in open judicial proceedings but, here, that interest is best

15  served by allowing Plaintiff to proceed under a fictitious name.  First, putting plaintiffs in the position

16  of either abandoning legitimate legal claims or publicly disclosing highly confidential medical

17  information would harm the judicial system and the rule of law as a whole because of the risk that

18  plaintiffs with significant and private medical problems will forego their legal rights in favor of

19  preserving their privacy.  Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe*

20  *Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195, 199 (2004).

21  Second, allowing Plaintiff to proceed under a pseudonym and taking other basic measures to

22  ensure that his name is redacted from documents filed in the public record will reduce the need to seal

23  any of the material filed in the docket, which is the other means by which Plaintiff's privacy might be

24  protected.  Sealing documents requires extensive court resources and complicates the progress of the

25  litigation; it also deprives the public and other courts from access to the full case record, which may

26

27  [1] Department of Health and Human Services, HIPAA Privacy Rule and Sharing Information Related to Mental Health, *available at* https://www.hhs.gov/sites/default/files/hipaa-privacy-rule-and-sharing-info-related-to-mental-health.pdf.

28

1  provide valuable information about the application of similar contractual terms to similar medical

2  facts.

3       Plaintiff's real name, on the other hand, has no legitimate value to the public generally or to the

4  courts and their personnel.  By using the pseudonym, the parties will be able to openly discuss the

5  medical evidence in the public record without compromising Plaintiff's medical privacy or connecting

6  his history of psychiatric health problems and prior drug addiction and recovery to his real identity.

7  Proceeding anonymously thus actually enhances the public's view of the legal and factual issues in

8  this case and the Court's performance in resolving them.  *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.

9  1981).

10      Because there is no prejudice to the Defendant or the public by allowing Plaintiff to proceed

11  under a pseudonym, and because Plaintiff has an exceptional need for privacy in light of the specific

12  medical facts at issue in this case, Plaintiff respectfully requests that the Court grant Plaintiff's

13  administrative motion and direct the Clerk to issue the summons.

14

15                                      Respectfully submitted,

16

17  Dated:  May 11, 2023                BOLT KEENLEY KIM LLP

18                                      By: /s/ *Emily A. Bolt*
                                           Emily A. Bolt
19                                         Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28