UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 23-cv-02307-JST<br><br>**ORDER GRANTING MOTION TO PROCEED UNDER A PSEUDONYM**<br><br>Re: ECF No. 3 |

Before the Court is Plaintiff's unopposed motion to proceed under a pseudonym. ECF No. 3. The Court will grant the motion.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alteration in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d at 1068).

The Ninth Circuit has written that a plaintiff has a need to proceed anonymously where the plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (quotation marks omitted). According to the complaint, Plaintiff suffers

1  from severe major depressive disorder, generalized anxiety disorder, severe cannabis use disorder,
2  opioid use disorder, and insomnia. ECF No. 1 ¶ 2. Associating Plaintiff with this combination of
3  conditions, especially his substance use disorders, through disclosure of his identity would
4  necessarily expose Plaintiff to social stigma and would threaten future job opportunities that he
5  may pursue. These circumstances render this case "unusual" and thus make anonymity
6  appropriate. *Advanced Textile*, 214 F.3d at 1068 (*United States v. Doe*, 655 F.2d at 922 n.1); *see*
7  *K.H.B. ex rel. K.D.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 WL 4053457, at
8  *1 (N.D. Cal. Aug. 24, 2018); *Doe v. Lincoln Nat'l Life Ins. Co.*, No. 2:22-cv-00491-RSM, 2022
9  WL 2237214, at *1 (W.D. Wash. June 22, 2022).

10        Defendant will not be prejudiced if Plaintiff proceeds pseudonymously. The complaint
11  identifies Plaintiff's claim number and policy group number, which enables Defendant to readily
12  discern his identity. *See* ECF No. 1 ¶ 6. Consequently, pseudonymity will not impede
13  Defendants' ability to develop their case. *Cf. Doe 1 v. Github, Inc.*, --- F. Supp. 3d ----, No. 22-cv-
14  06823-JST, 2023 WL 3449131, at *8 (N.D. Cal. May 11, 2023) (concluding that the defendants
15  would not be prejudiced because "Plaintiffs have disclosed their true names to Defendants subject
16  to a protective order, so pseudonymity should not impede Defendants' ability to develop their
17  case").

18        Nor does the public interest weigh against permitting Plaintiffs to proceed
19  pseudonymously. "The normal presumption in litigation . . . that parties must use their real
20  names . . . is loosely related to the public's right to open courts and the right of private individuals
21  to confront their accusers." *Kamehameha*, 596 F.3d at 1042. But "[w]here the plaintiffs'
22  identities are not central to the issues raised by a case, however, the public interest may not be
23  harmed by permitting plaintiffs to proceed pseudonymously." *Github*, 2023 WL 3449131, at *8
24  (collecting cases). Here, Plaintiff's identity "appears to have no bearing on the resolution of the
25  issues," and so "a pseudonym will not impede public access to the substance of the proceedings."
26  *Doe v. County of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *6 (E.D. Cal. Dec.
27  2, 2013). If Plaintiff proceeds under a pseudonym, the parties need only redact Plaintiff's name
28  and other identifying information in medical documents filed on the docket rather than file such

United States District Court
Northern District of California

documents under seal, which promotes public access to the record as a whole. And Defendant's right to confront its accuser will not be impeded because the complaint, albeit indirectly, apprises Defendant of Plaintiff's identity. "Moreover, a denial here would incentivize insurance providers to implement a business strategy that tilts towards denying socially stigmatizing claims, forcing claimants to litigate the stigmatizing claims public[ly] or elect to not pursue recovery." *K.H.B. ex rel. K.D.B.*, No. C 18-04175 WHA, 2018 WL 4053457, at *2 (N.D. Cal. Aug. 24, 2018).

Balancing the foregoing considerations, the Court concludes that Plaintiff's need for anonymity outweighs prejudice to Defendant and the public's interest in knowing Plaintiff's identity. Plaintiff's motion is therefore granted, and Plaintiff may continue to proceed as John Doe.

**IT IS SO ORDERED.**

Dated: August 21, 2023



JON S. TIGAR
United States District Judge